Case number 21-5268. Michelle Donahue, appellant versus United States Department of Homeland Security, FEMA. Ms. Detling for the appellant, Mr. Dreyer for the appellee. Ms. Detling, good morning. Good morning, your honor. Whenever you're ready. Thank you. May it please the court, my name is Rosemary Detling. I'm representing the appellant Michelle Donahue. The primary issue in this case is whether the trial court allowed defendant to circumvent its obligations under Rule 26. As we all know, Rule 26 requires litigants to provide disclosures early on in the litigation to enable them to conduct discovery in an efficient manner. Rule 26E also requires litigants to supplement discovery and disclosures so that they are prepared for trial. In this case, the events in question occurred in 2010. The appellant filed an EEO complaint, an informal EEO complaint, and the agency investigated her complaint in 2012. She filed a federal complaint in 2016. She provided initial disclosures in 2018, and the defendant also provided initial disclosures in February of 2018. It wasn't until June 21st, or June 17th, 2021, when defendant disclosed 15 previously non-disclosed witnesses. There's no doubt, there's no dispute in this case that defendant did not abide by Rule 26's disclosure obligations, and defendant does not disclose the names of the witnesses because the witnesses were made known to the appellant. The argument they made to the trial court after we found a motion eliminate was the same, and at trial, the parties argued the motion eliminate. The defendant again argued to the trial court that the witnesses' names were made known to the appellant, and the defendant provided hundreds of discovery as proof. The trial court agreed with defendant that the witnesses were made known, and the trial court approved nine witnesses to testify. Four witnesses ended up testifying. We contend that the trial court's decision was an abuse of discretion because the witnesses' names and subject matter was never made known to the appellant. The trial court overlooked the fact that Rule 26 specifically states that the subject matter must be made known, and that's the crux of the case, is that the subject matter of these witnesses' testimony was never made known to the appellant, and we believe that the case Alia V. Sweetwater should be persuasive. The facts in that case are almost identical in this case. In that case, they tried to get in 38 witnesses who were previously disclosed, and the court held that it's not the opposing party's obligation to go through discovery and assume or guess which name or which witness is going to testify. It's the disclosing party's obligation to provide the subject matter. We believe the trial court erred in not granting sanctions, the sanction of exclusion under Rule 37, because the defendant did justify its reasons for not disclosing the names of the 17 witnesses. We were reviewing for abusive discretion here. Are you suggesting that Judge Meda had to exclude these witnesses? Well, the rule does say that it's mandatory and automatic, but there are exceptions, so they did have the opportunity to prove to Judge Meda that the non-disclosure was justifiable and harmless, and our argument is that they did not meet that burden. These witnesses were known to your client, though. They were all people who worked with her, or in the case of Fishburn, was very much at the heart of the case, and then, I guess, Goldberg was on an email that your client admitted into evidence. Are you really saying that your client didn't know who these people were and what they were going to say? Yes, absolutely, Your Honor. Fishburn was a contract employee who worked in a completely different area, different office. She did not work directly with him. He did not report to her. He had a separate chain of command. He reported to a private contract company. She had no involvement with him, and the only involvement he had in this case is he was accused of harassing another female employee. That's why his name came up in discovery, but there's no indication in the record that he had any opinion about the appellant's performance or conduct, and nothing in the record shows that he had any decision-making or that he was consulted in any of the employment actions in this case. So, yes, we were completely surprised, and with respect to Dodwell, his name was mentioned in discovery, but only in respect to... His name was actually mentioned by the appellant as a similarly situated comparator in her sex discrimination case. She repeatedly said that he was a similarly situated supervisor who was treated more favorably than she, and the deciding official or the named responsible management official, Dr. Holterman, was asked in his deposition, was Mr. Dodwell treated more favorably? So, yes, he was brought up in that deposition too, but he was never disclosed as anyone who was consulted with or anyone who had any decision-making authority, or he was never disclosed as someone who had an opinion about the appellant's performance or conduct or her behavior or the appropriateness of her actions. And so, yes, there were hundreds of names mentioned in discovery, but to assume that every single person could have something negative to say about her performance or conduct is an onerous burden that the Alder Court specifically addresses. It puts the burden of Rule 26 on the other party rather than the party who's supposed to make the disclosure, and that's fundamentally unfair. With respect to Curtin, Witness Curtin, she was only copied on an email that pertained to class size. So, yes, my client had absolutely no idea that she had any knowledge of the... Isn't it true that you withdrew your objection to Curtin's testimony? No, no, we did not withdraw our objection to Curtin's testimony. Absolutely not. I'll qualify that, Your Honor. We said in trying to be cooperative with the court, we said, okay, we will agree that she can be asked this one question. Were you the one who agreed to that one thing? But then right after that, we did say again to the judge, but we vehemently disagree or object to her testifying about anything that has to do with the appellant during that time period. And when she got up to testify, she testified about substantive matters about how the appellant was to blame for Mr. Fishbourne being taken off the job responsibilities in doing so. And those were all substantive issues that went to the defendant's case. With respect to Holberg, the trial judge properly excluded her as a case in chief witness, and that decision has not been appealed. But what happened, she was approved as a rebuttal witness, but she didn't testify about the narrow slice of that she was approved to testify about. Instead, she testified in the defendant's case in chief, and we objected, but the trial court allowed her to continue and testify about substantive matters. With respect to the justification of it all, if you look at the timeline alone, initial disclosures would do, as I said, in February of 2018. The defendant and then discovery occurred in 2019. During discovery, we asked specific questions and interrogatories, they named each and every reason. We deposed the four people they did disclose. We asked them to name the specific names of the people they consulted with. And none of these 17 witnesses were divulged as being consulted with. So they should not have been able to testify to the jury that they had an opinion about why the appellant should have been disciplined. We found a motion limine in 2020. And the defendant didn't respond in 2021. It wasn't until 13 days before trial that they dumped the names of 17 witnesses. And they didn't even give us the contact information, even though I emailed and asked for that contact information. So doing that 713 days before trial was clearly intentional and clearly was meant to ambush us. And they have not argued that there was a mistake or it was inadvertent. It was clearly an intentional, an intentional litigation tactic. It was game and gamemanship. And to say it wasn't harmless is, is, is, is, is ridiculous because these witnesses test of they corroborated every single thing that deciding official said. They said, yes, it was the appellant's fault. And in a discrimination case like this, where motive and, and, and intent is really important. That really, that really was their we, our main argument was that all of these bad things happen to her, these adverse actions, because that she engaged in EU activity. The defendant's argument was all of these bad things happen to her because she had performance and conduct problems. So to have these four witnesses come before the jury and surprise us and tell the jury that, yes, she did have that was not a fair trial. And we get, you want to wrap up here a little over, give you a couple of sentences if you want. No, I'm done. Okay. Thanks. We'll give you rebuttal time. Mr. Dreier. Good morning, may it please the court Douglas Dreier on behalf of the Department of Homeland Security. None of the issues my friend raises warrants disturbing the verdict of the court may have. We request that the court, thank you. Perhaps your easiest oral argument ever. Thank you. Ms. Dettling, there's, there's really nothing for you to rebut. We will take the case under advisement. Okay. Thank you, your honor.
judges: Katsas, Pan, Garcia